David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

| | |
|---|---|
| E. Lee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| - against - | ) No. 07cv10628 (WHP) |
| | ) |
| Heritage Health & Housing, Inc. | ) |
| | ) |
| Defendant. | ) |

## Return of Service

I, David Abrams, served copies of the summons and complaint in this matter upon Heritage Health & Housing, Inc. as follows: by delivering the same to James Woods, Chief Operating Officer (caucasian male; 5'9"; 240 lbs; grey hair; blue eyes) at Heritage Health & Housing, Inc.; 416 W. 127th Street, New York, NY 10027 on December 3, 2007 at 10:30AM. Copies of the Complaint & Summons are attached hereto. I declare under penalty of perjury that the foregoing information is true and correct.

                Respectfully submitted,

                /s/ David Abrams

                David Abrams (DA-8126)

Dated: January 8, 2008
New York, New York

David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811

United States District Court
Southern District of New York

---

E. Lee,

        Plaintiff,

        - against -

Heritage Health & Housing, Inc.

        Defendant.

07 CV 10628

Index No.: _____

Judge Pauley

## COMPLAINT

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

### I.    Introduction

1. This is an action for interference with leave protected under the Family Medical Leave Act and for violations of local human rights laws.

### II.    Parties

2. Plaintiff Lee ("Lee" or "Plaintiff") is a natural person residing in the State of New York.

3. Upon information and belief, Defendant Heritage Health & Housing, Inc. ("Heritage") is a not for profit corporation in the State of New York, County of New York.

### III. Venue & Jurisdiction

4. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that, upon information and belief, the Defendant ("Employer") resides in the Southern District.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Family and Medical Leave Act and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists over the Defendant in that, upon information and belief, it maintains a continuous and systematic presence in the State of New York.

### IV. Background

7. Upon information and belief, the Employer's primary business is the operation of a not-for-profit social services agency.

8. Ms. Lee was employed by the Employer full time for more than 1 year until her discharge in or about March of 2007.

### V. The Plaintiff's Absence and Discharge

9. Before her discharge, Ms. Lee was absent from work due to a serious health condition.

10. Ms. Lee gave the Employer notice of this absence and the reason for the same.

11. Upon her return, the Employer refused to reinstate Ms. Lee to her previous position.

VI.   Causes of Action

### Count 1: Interference with FMLA Protected Leave

12. The allegations of Paragraphs 1 through 11 are incorporated as if restated herein.

13. Upon information and belief, the Employer is an "employer" within the meaning of 29 U.S.C. Section 2611 in that it maintains at least 50 employees.

14. At all times relevant to this complaint, Ms. Lee was an "eligible employee" within the meaning of 29 U.S.C. Section 2611 in that she was an employee of the Employer who had been employed at least 12 months by the Employer; had been employed for at least 1250 hours by the Employer during the preceding 12 month period; and worked within 75 miles of the 50 or more employees referred to in the preceding paragraphs.

15. Ms. Lee's absence towards the end of her employment were protected by the Family and Medical Leave Act ("FMLA") in that the total absence was less than 12 weeks and they were the result of a serious health condition.

16. The Employer violated the FMLA in that it failed to reinstate Ms. Lee to her former position upon her return to work and/or retaliated against her for exercising or intending to exercise her FMLA rights.

### Count 2: Violation of Local Human Rights Law

17. The allegations of Paragraphs 1 through 16 are incorporated as if restated herein.

18. The Employer is an "employer" and Ms. Lee was an "employee" within the meaning of the New York City Human Rights Law.

19. The Employer violated New York City Human Rights Law in that it did not reasonably accommodate Mr. Lee's temporary disability and/or discuss the same with her; and or discriminated against her because of a perceived disability.

3

VII.   Demand for Relief

WHEREFORE Ms. Lee demands judgment against the Employer for lost wages and benefits, liquidated damages, compensatory damages and punitive damages together with appropriate interest, attorneys fees, costs, and such further relief as the Court deems just.

Respectfully submitted,

/s/ David Abrams

---

David Abrams (DA-8126)
 Attorney for Plaintiff
E. Lee

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax  212-897-5811

Dated:      New York, NY
            November 27, 2007

4

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern District of New York

E. Lee, Plaintiff,

V.

Heritage Health & Housing, Inc., Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:



07 CV 10628

Judge Pauley

TO: (Name and address of Defendant)

Heritage Health & Housing, Inc.
416 W. 127th Street
New York, NY 10027

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David Abrams, 305 Broadway, 5th Floor, New York, NY 10007

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                NOV 27 2007
CLERK                                             DATE

_Marcos Quintero_
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL $0.00 |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
                       Date                                *Signature of Server*

                                         _____
                                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

David Abrams, Attorney at Law (DA-8126)
305 Broadway, 5th Floor
New York, New York 10007
Tel. 212-897-5821 Fax 212-897-5811



United States District Court
Southern District of New York

E. Lee,

        Plaintiff,

    - against -

Heritage Health & Housing, Inc.

        Defendant.



07 CV 10628

Index No.: _____

## COMPLAINT

Plaintiff, complaining of the Defendant by her attorney, David Abrams, Attorney at Law, respectfully sets forth and alleges as follows:

**I.   Introduction**

1. This is an action for interference with leave protected under the Family Medical Leave Act and for violations of local human rights laws.

**II.   Parties**

2. Plaintiff Lee ("Lee" or "Plaintiff") is a natural person residing in the State of New York.

3. Upon information and belief, Defendant Heritage Health & Housing, Inc. ("Heritage") is a not for profit corporation in the State of New York, County of New York.

### III. Venue & Jurisdiction

4. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. Section 1391(b)(1) in that, upon information and belief, the Defendant ("Employer") resides in the Southern District.

5. Subject matter jurisdiction over this action exists pursuant to 28 U.S.C. Sections 1331 and 1367 in that a claim is made that arises under the laws of the United States, specifically the Family and Medical Leave Act and the remaining claims form part of the same case or controversy.

6. Personal jurisdiction exists over the Defendant in that, upon information and belief, it maintains a continuous and systematic presence in the State of New York.

### IV. Background

7. Upon information and belief, the Employer's primary business is the operation of a not-for-profit social services agency.

8. Ms. Lee was employed by the Employer full time for more than 1 year until her discharge in or about March of 2007.

### V. The Plaintiff's Absence and Discharge

9. Before her discharge, Ms. Lee was absent from work due to a serious health condition.

10. Ms. Lee gave the Employer notice of this absence and the reason for the same.

11. Upon her return, the Employer refused to reinstate Ms. Lee to her previous position.

VI.  Causes of Action

### Count 1: Interference with FMLA Protected Leave

12. The allegations of Paragraphs 1 through 11 are incorporated as if restated herein.

13. Upon information and belief, the Employer is an "employer" within the meaning of 29 U.S.C. Section 2611 in that it maintains at least 50 employees.

14. At all times relevant to this complaint, Ms. Lee was an "eligible employee" within the meaning of 29 U.S.C. Section 2611 in that she was an employee of the Employer who had been employed at least 12 months by the Employer; had been employed for at least 1250 hours by the Employer during the preceding 12 month period; and worked within 75 miles of the 50 or more employees referred to in the preceding paragraphs.

15. Ms. Lee's absence towards the end of her employment were protected by the Family and Medical Leave Act ("FMLA") in that the total absence was less than 12 weeks and they were the result of a serious health condition.

16. The Employer violated the FMLA in that it failed to reinstate Ms. Lee to her former position upon her return to work and/or retaliated against her for exercising or intending to exercise her FMLA rights.

### Count 2: Violation of Local Human Rights Law

17. The allegations of Paragraphs 1 through 16 are incorporated as if restated herein.

18. The Employer is an "employer" and Ms. Lee was an "employee" within the meaning of the New York City Human Rights Law.

19. The Employer violated New York City Human Rights Law in that it did not reasonably accommodate Mr. Lee's temporary disability and/or discuss the same with her; and or discriminated against her because of a perceived disability.

### VII. Demand for Relief

WHEREFORE Ms. Lee demands judgment against the Employer for lost wages and benefits, liquidated damages, compensatory damages and punitive damages together with appropriate interest, attorneys fees, costs, and such further relief as the Court deems just.

Respectfully submitted,

/s/ David Abrams

David Abrams (DA-8126)
 Attorney for Plaintiff
E. Lee

305 Broadway, 5th Floor
New York, NY 10007
Tel. 212-897-5821
Fax  212-897-5811

Dated:   New York, NY
         November 27, 2007

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__Southern__ District of __New York__

E. Lee, Plaintiff,

V.

Heritage Health & Housing, Inc., Defendant.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

07 CV 10628


Judge Pauley

TO: (Name and address of Defendant)

Heritage Health & Housing, Inc.
416 W. 127th Street
New York, NY 10027

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

David Abrams, 305 Broadway, 5th Floor, New York, NY 10007

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                                        NOV 27 2007
CLERK                                                     DATE
       /s/ Marcos Quintero
(By) DEPUTY CLERK

%AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

   Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                         Date                                                  *Signature of Server*

                                                                _____
                                                                *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.